WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen T. May,<br><br>                Plaintiff,<br><br>v.<br><br>United States of America,<br><br>                Defendant. | No. CV-14-00910-PHX-NVW<br><br>**ORDER** |

Before the court are the parties' cross-motions for summary judgment regarding the statute of limitations. For the reasons that follow, the court will deny the Government's Motion (Doc. 63) and grant Plaintiff's Motion (Doc. 57) in full.

**I.   BACKGROUND**

Section 6707A of the Internal Revenue Code provides, "Any person who fails to include on any return or statement any information with respect to a reportable transaction which is required under section 6011 to be included with such return or statement shall pay a penalty." 26 U.S.C. § 6707A(a). The statute defines "reportable transaction" as "any transaction with respect to which information is required to be included with a return or statement because, as determined under regulations prescribed under section 6011, such transaction is of a type which the Secretary determines as having a potential for tax avoidance or evasion." *Id.* § 6707A(c)(1). Any reportable transaction that "is the same as, or substantially similar to, a transaction specifically

identified by the Secretary as a tax avoidance transaction for purposes of section 6011" is known as a "listed transaction." *Id.* § 6707A(c)(2).

Plaintiff Stephen T. May filed his federal income tax return for 2004 on July 22, 2005. (Doc. 64 at 2; Doc. 64-1 at 2.) May eventually acknowledged to the Internal Revenue Service on September 26, 2011, that he had neglected to include in that return $165,000 of pass-through income from Tornado Alley, Inc., a corporation with which he was "affiliated." (Doc. 64-1 at 26; Doc. 64 at 2; Doc. 1-1 at 4.) Specifically, May did not file an IRS Form 8886 disclosing one of Tornado Alley's transactions for that year ("Challenged Transaction"). (Doc. 64-1 at 37-38.) The details of the Challenged Transaction are not important. For purposes of the pending motions, the parties have stipulated that the Challenged Transaction qualifies as a "listed transaction" as that term is defined in 26 U.S.C. § 6707A. (Doc. 56.) The IRS attempted over the course of several years to collect various penalties and assessments from May, including a § 6707A penalty for failing to disclose the Challenged Transaction on his 2004 return.

Section 6501 of the Internal Revenue Code prescribes the statutes of limitations that apply to different tax penalties and assessments. Under that section, the IRS and a taxpayer may agree, before the expiration of the relevant limitations period, to extend the time in which the IRS can seek an assessment. 26 U.S.C. § 6501(c)(4)(A). As part of his ongoing communication with the IRS, May on March 23, 2010, executed an IRS Form 872, "Consent to Extend the Time to Assess Tax." (Doc. 58-1 at 84-85.) That form provided that the "amount of any Federal Income & Excise tax due on any return(s) made by or for [May] for the period(s) ended December 31, 2003 and December 31, 2004 may be assessed at any time on or before December 31, 2011." (*Id.* at 84.) The IRS agent who prepared this form—whom the parties, for confidentiality reasons, have agreed to refer to simply as Julie (Doc. 58 at 2 n.3)—testified during discovery that she was not relying on it to extend the § 6707A statute of limitations for tax year 2004; rather, she believed that statute of limitations could be extended merely by the operation of 26 U.S.C. § 6501(c)(10), discussed below. (Doc. 58-1 at 25-26.) When she intended to

1  extend a § 6707A statute of limitations, Julie testified, she would ensure the Form 872
2  referenced that provision expressly. (*Id.* at 30.) Indeed, at the same time that she
3  obtained the Form 872 described above, she also procured May's signature on a second
4  Form 872 that contained the following language: "The amount of any IRC section 6707A
5  penalty due with respect to any return(s) made by or for [May] for the period(s) ended
6  December 31, 2005 and December 31, 2006 may be assessed at any time on or before
7  December 31, 2011." (*Id.* at 90.)

On May 2, 2011, May's representative signed a third Form 872, also prepared by
Julie, allowing the "amount of any IRC section 6707A penalty due with respect to any
return(s) made by or for [May] for the period(s) ended December 31, 2005 and December
31, 2006" to "be assessed at any time on or before September 30, 2012." (*Id.* at 101;
Doc. 58 at 6.) A fourth Form 872, signed by May's representative on June 2, 2011,
stipulated that the "amount of any Federal Income and Excise tax due on any return(s)
made by or for [May] for the period(s) ended December 31, 2003, December 31, 2004,
December 31, 2005 and December 31, 2006 may be assessed at any time on or before
December 31, 2012." (Doc. 58-1 at 87.) Mary Linda Hosler, the IRS agent who
prepared that latter form, was involved in seeking unpaid income taxes from May but had
no involvement in assessing—or seeking an extension of the statute of limitations for—
any § 6707A penalty. (*Id.* at 94-95.) Although she was somewhat evasive during her
deposition, the only fair reading of Hosler's testimony is that it was not her purpose, in
obtaining the 2011 Form 872, to extend the statute of limitations for May's § 6707A
penalty. (*See id.* at 96-99.) She was interested only in extending the limitations period
for the assessment of other taxes. (*See id.*)

The Government acknowledges that by March 2010 it had sufficient information
from which to determine that May had engaged in a listed transaction. (*Id.* at 28.) On
March 10, 2010, the IRS sent May a "30-day letter" informing him that it would assess a
§ 6707A penalty relating to the Challenged Transaction if he did not object in writing
within thirty days. (*Id.* at 37-39.) The Government also concedes that "there was no

information necessary to assess a penalty pursuant to Internal Revenue Code § 6707 A that the IRS did not have in its possession prior to February 6, 2011." (*Id.* at 33.) Nevertheless, it was not until February 6, 2012, that the Government assessed May a $18,563 penalty under § 6707A for failing to disclose his participation in the Challenged Transaction. (Doc. 67 at 2; Doc. 1 at 2.)

May paid the penalty in full, including accrued interest, on June 4, 2013, and submitted a refund claim to the IRS on August 19, 2013. (Doc. 1 at 2; Doc. 1-1 at 2.) He subsequently filed suit in this court on April 29, 2014, seeking a refund on the grounds that the § 6707A penalty for tax year 2004 was improperly assessed and was barred by the applicable statute of limitations. (Doc. 1.) By stipulation, the current round of summary judgment motions addresses only the latter claim. (Doc. 56.)

## II.   LEGAL STANDARD

A motion for summary judgment tests whether the opposing party has sufficient evidence to merit a trial. At its core it questions whether sufficient evidence exists from which a reasonable jury could find in favor of the party opposing the motion. Summary judgment should be granted if the evidence reveals no genuine dispute about any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

A material fact is one that might affect the outcome of the suit under the governing law, and a factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must produce evidence to support its claim or defense by more than simply showing "there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The court must view the evidence in the light most favorable to the nonmoving party, must not weigh the evidence or assess its credibility, and must draw all justifiable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255. Where the record, taken as a whole, could not lead a rational

trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587.

## III. ANALYSIS

The parties make two separate arguments regarding the limitations period for May's § 6707A penalty, which the court will consider in turn.

### A. The statute

Ordinarily, the IRS may only assess a tax "within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)." 26 U.S.C. § 6501(a). But a different statute of limitations, found in 26 U.S.C. § 6501(c)(10), governs "listed transactions" such as the Challenged Transaction:

> If a taxpayer fails to include on any return or statement for any taxable year any information with respect to a listed transaction (as defined in section 6707A(c)(2)) which is required under section 6011 to be included with such return or statement, the time for assessment of any tax imposed by this title with respect to such transaction shall not expire before the date which is 1 year after the earlier of—
> (A) the date on which the Secretary is furnished the information so required, or
> (B) the date that a material advisor meets the requirements of section 6112 with respect to a request by the Secretary under section 6112(b) relating to such transaction with respect to such taxpayer.

Thus, as soon as either condition (A) or condition (B) is satisfied, the IRS has only one year in which to seek a § 6707A penalty. The Government maintains the statute of limitations never even began to run because neither condition was ever met. Notwithstanding the IRS's admission that by February 6, 2011, it had all information it needed to assess a § 6707A penalty, the Government argues that condition (A) has still not been satisfied because May did not disclose that information to the IRS on a Form 8886. In the Government's view, only the filing of Form 8886 triggers the statute of limitations under § 6501(c)(10)(A). May insists that the IRS's collection of the needed information through means other than a Form 8886 put the Government on "constructive notice" and started the running of § 6501(c)(10)'s one-year limitations period.

- 5 -

The Government's argument is without support in the text of the statute. Section 6501(c)(10) refers to tax returns that lack "information . . . required under section 6011." The "general rule" announced in that section reads as follows: "When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the *forms* and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the *information* required by such *forms* or regulations." 26 U.S.C. § 6011(a) (emphasis added). The language of § 6011 clearly distinguishes between "information" on the one hand and "forms" on the other. Information is the raw data a taxpayer must supply regarding a disputed transaction; forms are merely a vessel through which that information is conveyed to the IRS. It therefore makes no sense to interpret § 6501(c)(10)—which speaks of failure to include "*information* . . . required under section 6011" and of furnishing the Secretary "the *information* so required" under that section—as requiring a taxpayer to file any particular form. Under the plain language of § 6501(c)(10), the IRS's preference for how it receives a taxpayer's "information" is irrelevant. The § 6011 requirement to use certain forms when filing returns cannot change the fact that under § 6501(c)(10)(A), it is the furnishing of information, and not the submission of a particular form, that triggers the limitations period.

This interpretation is consistent with the rest of the statutory scheme. Liability for a § 6707A penalty attaches only when a taxpayer omits from his return "any *information* with respect to a reportable transaction which is required under section 6011." 26 U.S.C. § 6707A(a) (emphasis added). The court assumes that if a taxpayer timely submitted a return containing all required information pertaining to a listed transaction, but failed to place it on the IRS's prescribed form, the IRS would not believe itself authorized to assess a § 6707A penalty. As the text of the statute makes clear, it is the failure to disclose required information, not the failure to use a particular form, that creates liability. Parallel language in § 6501(c)(10) makes similarly clear—and common sense

confirms—that the statute of limitations does not open or close based on which piece of paper a taxpayer chooses to employ.

Nor is it relevant that not all of the required information was furnished to the IRS by May himself.[1]  The statute of limitations under § 6501(c)(10)(A) begins to run on the date when the required information "is furnished" to the IRS.  By contrast, § 6501(c)(10)(B) specifies that the limitations period begins on the date when "*a material advisor* meets the requirements of section 6112 with respect to a request by the Secretary under section 6112(b)" (emphasis added).  In light of § 6501(c)(10)(B)'s identification of the specific actor who must provide requested data, the awkward passive construction of § 6501(c)(10)(A) is most sensibly interpreted to mean that the furnishing of information need not be effected by anyone in particular.  As long as the necessary information "is furnished" to the IRS, § 6501(c)(10)(A) is satisfied.

The Government seeks to skirt the plain text of § 6501(c)(10)(A) by pointing to various Treasury regulations and IRS revenue procedures that, it claims, condition the one-year statute of limitations on a taxpayer's filing of Form 8886.  As an initial matter, the regulations do not appear to say what the Government believes they do.  One of the cited regulations, for instance, requires taxpayers to file a Form 8886 for any listed transaction and provides, "If the form is not completed in accordance with the provisions in this paragraph (d) and the instructions to the form, the taxpayer will not be considered to have complied with the disclosure requirements of this section."  26 C.F.R. § 1.6011-4(d).  The "disclosure requirements of this section" mandate that a taxpayer "must file within the time prescribed in paragraph (e) of this section a disclosure statement in the form prescribed by paragraph (d) of this section."  *Id.* § 1.6011-4(a).  By hypothesis, then, anyone who has not completed Form 8886 "in accordance with the provisions in this paragraph (d) and the instructions to the form" has not "file[d] . . . a disclosure statement in the form prescribed by paragraph (d) of this section."  This tautology does

---

[1] The parties' briefing does not explain clearly how all the required information came into the IRS's possession.  It appears that several individuals and organizations, over the course of several years, furnished that information to different IRS agents.

not bear on whether that taxpayer has "furnished" the "information" required by § 6501(c)(10)(A). The regulation does not state, any more clearly than § 6501(c)(10) does, that only the filing of a Form 8886 will set the limitations period running.

Regardless, there is no need to decide whether any of the Government's cited regulations required May to file a Form 8886 in order to obtain the protection of § 6501(c)(10)'s statute of limitations. When "Congress has directly addressed the precise question at issue," as it has here, courts do not consider whether an agency's regulation "is a permissible interpretation of the statut[e]." *See Mayo Found. for Med. Educ. & Research v. United States*, 562 U.S. 44, 51-52 (2011) (alteration in original) (internal quotation marks omitted). After being "furnished" all required information, the IRS had one year in which to assess a § 6707A penalty. The IRS has admitted that it obtained that information before February 6, 2011, which was a year prior to the assessment of May's § 6707A penalty. That assessment was therefore untimely under § 6501(c)(10)(A). Accordingly, there is no need to resolve whether § 6501(c)(10)(B) was satisfied.

### B.     Extension of statute of limitations

Even if § 6501(c)(10) would normally bar May's assessment, the IRS contends the § 6707A penalty is timely because May agreed in writing to extend the statute of limitations. Form 872 "is not technically a contract, but an agreement on the part of a taxpayer (consented to by the IRS) to waive the running of the normal statutory limitations period." *See Kelley v. Comm'r*, 45 F.3d 348, 350 n.4 (9th Cir. 1995). "Nevertheless, contract principles are significant because [26 U.S.C. § ] 6501(c)(4) requires that the parties reach a written agreement as to the extension. The term agreement means a manifestation of mutual assent. It is the objective manifestation of mutual assent as evidenced by the parties' overt acts that determines whether the parties have made an agreement." *Id.* (alteration in original) (internal quotation marks omitted).

Here, there was no "mutual assent" to extend the limitations period for May's § 6707A penalty via a Form 872. May executed two Forms 872 on March 23, 2010. The first extended the limitations period for income and excise taxes for tax years 2003 and

1 2004; the other extended the limitations period for § 6707A penalties arising out of tax
2 years 2005 and 2006.  Both forms were signed by the same IRS agents on the same day.
3 (*See* Doc. 58-1 at 85, 90.)  The execution of these documents at the same time, by the
4 same parties, is "objective" evidence that "Income & Excise tax" and "IRC section
5 6707A penalty" did not have the same meaning in the parties' minds.  If, as the
6 Government insists, the word "tax" on Form 872 "include[d] additions to tax and
7 penalties provided by Chapter 68 of the Code (sections 6501 through 6751)" (Doc. 68 at
8 13), there would have been no reason to execute two different forms.  May and the IRS
9 could simply have signed a single document extending the limitations period for any and
10 all "Income & Excise taxes"—or even any and all "taxes"—for years 2003 through 2006.
11 But they did not do so.  Julie's deposition testimony confirms that the IRS did not intend
12 the first 2010 Form 872 to extend the statute of limitations on the § 6707A penalty for tax
13 year 2004.  If that had been Julie's intent, she testified, she would have explicitly so
14 provided.

15 No valid extension having been agreed to by March 10, 2011—i.e., one year after
16 the mailing of the 30-day letter, by which time the Government had acquired all needed
17 information—the statute of limitations had expired before the IRS assessed a § 6707A
18 penalty on the Challenged Transaction on February 6, 2012.  Even if the 2010 Forms 872
19 somehow extended the limitations period, the Forms 872 signed in 2011 failed to re-
20 extend that period: the only form covering tax year 2004 refers exclusively to "Income
21 and Excise tax" and was prepared by an IRS agent who was not responsible for May's
22 § 6707A penalty.  In addition, that form was prepared barely a month after the agent
23 assigned to collect the § 6707A penalty had executed a different form explicitly
24 extending the time to collect § 6707A penalties—but only for tax years 2005 and 2006.
25 The parties' "overt acts" establish definitively that there was no mutual assent to extend
26 the § 6707A limitations period for tax year 2004.

Because the IRS's assessment was untimely, the merits of that assessment are immaterial to May's suit.  The IRS lacked legal authority to assess its § 6707A penalty for tax year 2004, and May is entitled to a full refund.

IT IS THEREFORE ORDERED that Defendant United States' Motion for Summary Judgment Regarding Statute of Limitations (Doc. 63) is denied.

IT IS FURTHER ORDERED that Plaintiff Stephen T. May's Motion for Summary Judgment Regarding Statute of Limitations Issues (Doc. 57) is granted in full.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in favor of Plaintiff Stephen T. May, and against Defendant United States of America, and that Defendant shall refund to Plaintiff the full amount of his $19,450 assessment.  The Clerk shall terminate this case.

Dated this 15th day of June, 2015.

Neil V. Wake
United States District Judge